## Case No. 3,720.

### DE CASSE v. SPADER.

[3 Int. Rev. Rec. 163.]

Circuit Court, D. New Jersey. May 15, 1866.

INTERNAL REVENUE LAWS—FIRE-BRICK—"BRICK" DEFINED.

[The word "brick," as used in the internal revenue acts of 1862 (section 75) and 1864 (section 94) does not include fire-brick; and fire-brick were taxable, "as manufactures not otherwise provided for," at 3 per cent. under the former act, and at 5 per cent. under the latter.]

This was an action [by Henry De Casse against Krosen J. B. Spader] for the recovery of taxes paid under protest, assessed upon fire-brick manufactured by the plaintiff. It was tried before Judge FIELD, without jury, under the 4th section of the act of congress passed March 3, 1865 [13 Stat. 483].

Benjamin Williamson, for plaintiff.

A. Q. Keasbey, U. S. Dist. Atty., for defendant.

FIELD, District Judge. The question submitted to me in this case arises out of the internal revenue acts of July 1. 1862 [12 Stat. 462], and June 30, 1864 [13 Stat. 264]. By the 75th section of the act of 1862, brick is one of the articles not regarded as manufactures within the meaning of the act, and therefore exempt from taxation; and by the 94th section of the act of 1864, brick is subject to a duty of three per centum ad valorem. The plaintiff is a manufacturer of fire-brick and has been compelled to pay a duty of three per cent. under the original act, and of five per cent. under the act of 1864, upon the ground that fire-brick is not included under the term "brick," but is to be classed with "manufactures not otherwise provided for." This the plaintiff insists is an erroneous construction of these acts, and having paid under protest, now seeks to recover back the excess.

Does this term "brick," then, as used in these acts, include fire-brick? It has been repeatedly ruled by the commissioner of internal revenue, that it does not. I am aware that these "rulings" are not binding upon this court. Nevertheless they are entitled to respect. But in addition to this, we have the opinion of Mr. Boutwell, in his excellent "Manual of the Direct and Excise Tax System in the United States." "Fire-brick," he says, "are subject to a duty of three per cent. ad valorem, not being included under the term 'brick,' as used in the 75th section of the excise law." Boutwell's Manual, 334.

What is the origin of the word "brick?" According to Webster it is a contraction of the Latin word "imbrex," which was the name given to a hollowed tile for carrying off the rain. Nor is this one of Dr. Webster's ingenious and fanciful derivations. It has in its favor the authority of other distinguished etymologists. According to Richardson, Menage derives the corresponding French word "brique" from the Latin word "imbricare,"

that is, "imbrescibus tegere," to protect from showers. And "imbrices," the plural of "imbrex," are so called "ab imbre quod accipiant arceantque imbres," because they receive and keep off the rain. Thus, the etymology of the word "brick" involves the idea of its being designed for building purposes, and as a protection against the weather. In Chambers' Encyclopedia (volume 2, p. 337), "brick" is defined to be "an artificial substitute for stone, which has been extensively used for building in all ages." "Fire-bricks," on the other hand, are described as being made of a particular kind of clay, called "fire-clay," and designed for building up furnaces. "The clay has to be prepared with great care, in order to avoid unequal expansion and contraction, and they are baked to an intense heat. The clay differs from that of common bricks in containing but a small quantity of lime, magnesia, and the oxide of iron, all of which form compounds with silica, that are much more fusible than the silicate of alumina, of which the best fire-bricks are almost entirely composed." Ordinary brick, then, and fire-bricks, although made in very much the same way, are an essentially different article. They are composed of different materials, and they are used for different purposes. The one is made of brick-clay, or "brick-earth," as it is sometimes called, and is designed for building houses. The other is made of fire-clay, so as to sustain intense heat without fusion, and is designed for building furnaces. The various articles which, by the 75th section of the act of 1862, are not to be regarded as manufactures, may be readily classified in such a way as to indicate very clearly what those interests were which congress intended to exempt from taxation. First, we have "printed books, magazines, pamphlets, newspapers, reviews, and all other similar printed publications." A tax upon these would be a tax upon knowledge. Again, we have "all flour and meal made from grain, bread and breadstuffs, pearl barley and split peas; butter, cheese, concentrated milk." A tax upon these would be a tax upon the necessaries of life. And then we have "brick, lime, Roman cement, draining tiles, marble, slate, building stone." A tax upon these would be a tax upon building. That it was the purpose of congress in framing the internal revenue law to favor the interest of building, is further manifest from the 94th section of the act of 1864, where marble used for building purposes is subjected to a duty of three per cent. and marble used for monumental purposes to a duty of five per cent. We can easily understand, then, why congress, in exempting brick from taxation by the act of 1862, did not mean to include under that term fire-brick. No reason can be assigned why fire-brick should not, under the excise law of 1862, have been regarded as a manufacture within the meaning of that act.

Congress, no doubt, meant to use the word "brick" in its ordinary colloquial sense. By

the usage of trade fire-brick is not included in the term "brick;" when we use the term "brick" generally, we mean ordinary brick intended for building purposes. If one were to inquire what was the price of brick, would he be thought to mean fire-brick? Upon the whole, I am of the opinion that the word "brick," as used in the 75th section of the act of 1892, and in the 94th section of the act of 1864, does not include fire-brick. Judgment for the defendant.